[Civ. No. 357.  First Appellate District.—September 13, 1907.]

## LEWIS C. LEVEY et al., Appellants, v. A. HOCKWALD et al., Respondents.

UNLAWFUL DETAINER—FORFEITURE OF LEASE—BREACH OF CONDITION AGAINST SUBLETTING—NATURE OF RENT IMMATERIAL.—In an action in unlawful detainer, in which a forfeiture of a lease is claimed for breach of a condition against subletting the whole or any part of the premises, such condition is violated by any subletting, irrespective of the nature of the rent reserved, or the mode of payment thereof. It is violated by allowing one subtenant to transact business for payment of part of the expenses of the lease, and in allowing another subtenant to transact business for a commission or percentage of the profits of the business done by him each month.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

P. L. Benjamin, for Appellants.

Edwin L. Forster, for Respondents.

KERRIGAN, J.—This is an action in unlawful detainer to have, among other things, a lease declared forfeited for the violation of a provision thereof forbidding subletting. The trial was held by the court sitting without a jury, and judgment was entered in favor of plaintiffs and against certain of the defendants for the amount of the rent unpaid. A forfeiture of the lease and possession of the premises were refused. The plaintiffs moved for a new trial, which was denied, and from the judgment and the order denying such motion this appeal is prosecuted.

November 16, 1903, A. Hockwald and the West Disinfecting Company, a corporation, by an instrument in writing became the lessees for a term of five years, commencing December 1, 1903, of the ground floor of a certain building on Fillmore street in San Francisco. The lease contained a provision against subletting the whole or any part of the prem-

6 Cal. App.—27

ises. The sole question for decision is whether the evidence shows a subletting by the lessees or either of them. No evidence was introduced on behalf of the defendants.

In May, 1906, W. V. Bryan & Co. went into possession of a portion of the premises, fourteen and one-half feet by six and one-half feet in size, and conducted there a real estate and a railway handbook business. Bryan, a member of this concern, about this time was elected secretary of the West Disinfecting Company, and, as the record shows, it was then agreed by the directors that Mr. Bryan should occupy desk room on the premises in the company's office and transact the company's business, and for and in consideration of allowing him to transact his private business outside of the company's business, Bryan was to pay one-half of the expense of a janitor, and telephone and gas bills whatever they might be from month to month. He received a salary from the West Disinfecting Company of $100 a month. From June 5 to September 5, 1906, a small portion of the premises, ten feet by five feet in size, was occupied by one D. Rigdon. He carried on there the business of selling railroad and steamship tickets. He testified in substance as follows: "My arrangement with Mr. Hockwald was that I could not take the place unless I gave him a commission on the business. That is what Mr. Hockwald said to me. I agreed to give him a commission on the business. The commission I agreed to give him was a certain percentage on each ticket I sold. After I made the arrangement with Mr. Hockwald I entered into possession of the portion of the premises I have mentioned. . . . During that time I made no payments of anything except that I paid the commission on each ticket. My talk about the possession of the place I occupied was first with Mr. Hockwald. He said that I could have it only on a commission basis, and he referred me to Mr. Bryan. I completed the arrangements with Mr. Bryan. Each month that I was in possession I paid the commission to Mr. Bryan for that portion of the premises occupied by me." This witness was given receipts for the payments thus made by him, one of which reads as follows:

"$20.00.                    San Francisco, June 5, 1906.

"Received of D. Rigdon twenty dollars, commission, office No. 1732 Fillmore street, for and during the term of one

month, commencing on the 5th day of June, 1906, and ending on the 4th day of July, 1906, both days inclusive.

"WM. V. BRYAN CO., Agents."

A Mrs. Wiserwitch, a stenographer, had desk room in a portion of the premises, and in consideration of her services as a stenographer for the West Disinfecting Company and Hockwald she paid no rent for the space occupied by her. and was permitted to use the same in the business of a public stenographer.

Up to April 18, 1906, no part of the premises in question was occupied by D. Rigdon or Wm. V. Bryan & Co. or Mrs. Wiserwitch; the premises were first occupied by people other than the lessees about a month after the fire .in San Francisco of April 18, 1906.

July 5, 1906, plaintiffs served upon the defendants the three days' notice prescribed by section 1161, subdivision 4, Code of Civil Procedure, in which notice it was asserted that parts of the premises in question had been sublet contrary to the conditions of the lease; the lease was declared terminated, and possession of the premises was demanded.

The contract under which W. V. Bryan & Co. went into possession of part of the premises was against the provision of the lease concerning subletting. The lease contained a prohibition not merely against subletting for a consideration in money, but against any subletting. Such a provision is violated by the creation of any subtenancy irrespective of the nature of the rent reserved. (*Clarke* v. *Cobb,* 121 Cal. 596, [54 Pac. 74]; Jones on Landlord and Tenant, sec. 6; 24 Cyc. of L. & Pr., pp. 1137, 1191.) This condition of the lease was again violated by the arrangement under which Rigdon held possession of a part of the premises. He was to pay each month in money a percentage of the profits of the business done by him. This clearly shows a subletting.

These two instances showing that the condition of the lease against subletting had been violated, and that a forfeiture of the lease should be declared, it is unnecessary to pass on other points discussed in the briefs.

The judgment and order appealed from are reversed.

Hall, J., and Cooper, P. J., concurred.